Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

Tara Newbery, Esq.
NV Bar No. 10696
Connaghan | Newberry
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 608-4232
Facsimile: (702) 946-1830
tnewberry@cnlawlv.com

*Attorneys for Plaintiff*
Najat Yaghi

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **NAJAT YAGHI, on behalf of herself and all others similarly situated,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; NRS 598; AND NRS 41.600** |
| v. | |
| **BAY AREA CREDIT SERVICE, LLC; and PENDRICK CAPITAL PARTNERS LLC** | **[CLASS ACTION]** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

///

///

CLASS ACTION COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. NAJAT YAGHI ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of BAY AREA CREDIT SERVICE LLC ("BAY AREA") and Pendrick Capital Partners LLC ("PENDRICK") (jointly as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) NRS 649.332; (iii) NRS 449.759, (iv) NRS 598 et seq.; and (v) NRS 41.600 et seq.

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**PARTIES**

11. Plaintiff is a natural person who, at the time of the conduct giving rise to this action, resided in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant BAY AREA CREDIT SERVICE LLC is, and at all times mentioned herein was, a limited liability company, whose primary address is in Atlanta, Georgia.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant PENDRICK CAPITAL PARTNERS LLC is, and at all times mentioned herein was, a limited liability company, whose primary address is in Burke, Virginia.

14. Plaintiff is informed and believes, and thereon alleges, that BAY AREA, in the ordinary course of business, regularly, on behalf of themselves or others,

engage in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

15. BAY AREA is a multi-state debt collector, offering debt collection services in various industries, including but not limited to medical debts allegedly owed by consumers.

16. PENDRICK is a multi-state debt buyer and servicer.

17. Plaintiff is informed and believes, and thereon alleges, that BAY AREA was acting as the agent for PENDRICK, the principal, at all times relevant. In this capacity, Plaintiff is informed and believes, and thereon alleges, that BAY AREA was authorized to act on behalf of PENDRICK to collect the debt allegedly owed by Plaintiff.

18. At a minimum, BAY AREA maintained apparent authority to act on behalf of PENDRICK, since Plaintiff reasonably believed that an agency relationship existed between Defendants, and this reasonable belief was traceable to a manifestation of PENDRICK.

19. PENDRICK knowingly accepted the benefits of the FDCPA violations alleged herein by receiving compensation from consumers from whom PENDRICK's agents, BAY AREA collected debts on behalf of PENDRICK.

20. Plaintiff is informed and believes, and thereon alleges, that the alleged debts are regarding emergency medical treatments Plaintiff received, which is

money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Because this alleged debt is for medical services, which are primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Nevada.

23. Plaintiff is informed and believes, and thereon alleges, that the alleged debt due from Plaintiff is for emergency "hospital" treatment, as defined in NRS 449.012.

24. On or about August 29, 2012, Plaintiff allegedly incurred a medical debt from services received at Valley Hospital, performed by Shadow Emergency Physicians. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6).

25. Plaintiff takes no position as to the validity of the alleged debt.

26. Subsequently, the alleged debt was allegedly assigned, placed or otherwise transferred, to BAY AREA for collection on behalf of PENDRICK.

27. On or about September 20, 2013, Defendants or its agent/s began contacting Plaintiff via written letter in attempt to collect the alleged debt. This letter was a "communications" as defined in 15 U.S.C. § 1692(a)(2).

28. Defendants' letter was an attempt to collect an alleged debt originally owed to Shadow Emergency Physicians. Upon information and belief, Plaintiff alleges this was Defendants' initial contact with Plaintiff regarding the alleged debt owed.

29. Defendants' April 4, 2013 letters to Plaintiff failed to include the following notice language required by NRS 649.332(2)(a-b) for collection efforts on medical debts:

   (a) If the debtor pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as:
       (1) An acknowledgment of the debt by the debtor; and
       (2) A waiver by the debtor of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and
   (b) If the debtor does not understand or has questions concerning his or her legal rights or obligations relating to the debt, the debtor should seek legal advice.

30. Defendants further failed to provide Plaintiff with the required notice within 5 days of the initial contact regarding the alleged debts, which constitutes a violation of NRS 649.332(2).

31. By sending a communication that failed to include statutory language required under NRS 649.332, Defendants' letter was deceptive and

misrepresented Plaintiff's obligations, thereby misrepresenting and mischaracterizing the alleged debt to Plaintiff. Thus, Defendants' collection letter violated 15 U.S.C. § 1692e.

32. By sending a communication that failed to include statutory language required under NRS 649.332, Defendants failed to indicate they were collecting a "hospital" debt. Thus, Defendants violated 15 U.S.C. § 1692e(2) by mischaracterizing the character of the alleged debt.

33. Through this conduct of failing to include statutory language that affected Plaintiff's rights and obligations with respect to the alleged debt, Defendants violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt.

34. By sending a communication that failed to include statutory language required under NRS 649.332, Defendants violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff.

35. Through this conduct that violated NRS 649.332(2), which incorporates the FDCPA through NRS 449.759, Defendants also violated NRS 449.759.

36. Through this conduct, Defendants violated NRS 598.0915(15) by knowingly making a false representation regarding Plaintiff's rights and financial obligations regarding the alleged debt.

37. Through this conduct, Defendant violated NRS 598.0923(3) by violating the NDTPA, a Nevada statute, and the FDCPA, a federal statute in attempt to collect an alleged debt.

38. NRS 41.600(2)(e) defines "consumer fraud" as a "deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." Thus, Defendant's violations of 598.0915(15) and NRS 598.0923(3) constitute "consumer fraud" under NRS 41.600(2)(e).

## Class Action Allegations

39. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

40. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with addresses within Nevada to whom Defendants sent an initial written communication between the date of the filing of this action and one year preceding, which was not returned undeliverable by the United States Postal Service, and was attempting to collect a "hospital" debt, as defined by NRS §449.012, and failed to include the required notice under NRS § 649.332(2)(a-b) and failed within 5 days of sending the initial written communication to provide that person with the notice required under NRS § 649.332(2)(a-b).

41. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not thousands. This matter

should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, engaged in illegal and deceptive collection practices, when they failed to provide the required notices under NRS § 649.332(2)(a-b). Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages for recovery of actual and statutory injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one year prior to the filing of this Complaint,

        Defendants or their agents sent to the Class any written initial medical debt collection letters that failed to include the required notices under NRS 649.332(2)(a-b);

    b. Whether, after failing to include the notices required under NRS 649.332(2)(a-b), Defendants or their agents failed to provide the required notices to the Class members within 5 days, as required under NRS 649.332(2)(a-b); and

    c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation.

46. As a person that received at least one medical debt collection letter that failed to include the notice required under NRS 649.332(2)(a-b), and then did not within 5 days of the initial communication, receive the notice required under NRS 649.332(2)(a-b), Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the

size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for FDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 and such amount as the court may allowed for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.**

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA, which incorporates the FDCPA through NRS 598.0923(3).

56. As a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(e), Plaintiff is entitled to damages of $1,000 and reasonable attorney's fees and costs from Defendants pursuant to 15 U.S.C. § 1692k.

57. Further, as a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(3), Plaintiff is entitled to any damages sustained, pursuant to NRS

41.600(3)(a); and reasonable attorney's fees and costs pursuant to NRS 41.600(3)(b), from Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendants;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

- any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
### NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD"
### Under NRS 41.600 et seq.

- an award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

- an award of any damages Plaintiff sustained, pursuant to NRS 41.600(3)(a), against Defendants.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and NRS 41.600(3)(b), against Defendants; and

- any other relief the Court may deem just and proper

### TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 10, 2014                          Respectfully submitted,

                                                   BY: /s/ DANNY J. HOREN
                                                   DANNY J. HOREN, ESQ.
                                                   NV BAR NO. 13153
                                                   KAZEROUNI LAW GROUP, APC
                                                   ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**